ALD-190                                                  **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1460
_____

RAMON VASQUEZ,
                                        Appellant

v.

CITY OF READING; BERKS COUNTY; JONATHAN K. DEL COLLO
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5:20-cv-02522)
District Judge:  Honorable Jeffrey L. Schmehl
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect,
Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B), or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 27, 2021
Before:  MCKEE, GREENAWAY, JR. and BIBAS, Circuit Judges

(Opinion filed: August 10, 2021)
_____

OPINION[*]
_____

PER CURIAM

    Ramon Vasquez, an inmate proceeding pro se and in forma pauperis, appeals from

the District Court's order dismissing his amended complaint pursuant to 28 U.S.C. §

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

1915(e)(2)(B)(ii) for failure to state a claim. Because the appeal presents no substantial question, we will summarily affirm.

I.

Because we write primarily for the parties, we recite only those facts necessary for our discussion. In March 2020, Vasquez brought a civil rights complaint against Berks County, the City of Reading, and Jonathan K. Del Collo, the prothonotary for the Berks County Court of Common Pleas, under 42 U.S.C. § 1983 and Pennsylvania state law. On July 1, 2020, the District Court dismissed the complaint for failure to state a claim and afforded Vasquez leave to file an amended complaint. Vasquez filed the operative amended complaint in January 2021 alleging violations of his right of access to the courts under the First Amendment and various state law torts.

According to the amended complaint, Vasquez filed a civil rights action in the Court of Common Pleas related to the conditions of his previous confinement in Berks County Jail, and Del Collo failed to send Vasquez notice of the court's eventual order dismissing the action until Vasquez contacted him for an update on his case. According to Vasquez, this caused him to miss his opportunity to appeal. However, after activity in both the trial and appellate courts related to the issue of whether Vasquez received notice of the dismissal order, the trial court reinstated Vasquez's appeal rights. Vasquez contended that Del Collo's actions prolonged litigation and imposed financial burdens on Vasquez, and that Berks County and the City of Reading were liable for negligence based

2

on a theory of respondeat superior and for maintaining a policy or custom that, inter alia, failed to prevent "interference with the court." See Am. Compl. ¶ 19, ECF No. 16.

The District Court dismissed the amended complaint with prejudice under § 1915(e)(2)(B)(ii) for failure to state a claim. Having dismissed Vasquez's federal claim, the District Court declined to exercise supplemental jurisdiction over his state law claims. Vasquez timely appealed.[1]

## II.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the order dismissing the amended complaint, see Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000), and review the District Court's decision not to exercise supplemental jurisdiction over state law claims for abuse of discretion, see Figueroa v. Buccaneer Hotel Inc., 188 F.3d 172, 175 (3d Cir. 1999). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true," to show that its claims are facially plausible. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). As a pro se litigant, Vasquez is entitled to liberal construction of his complaint. See Erickson v. Pardus, 551 U.S. 89, 94 (2007)

---

[1] Pursuant to the prison mailbox rule, a notice of appeal is "timely if it is deposited in the institution's internal mail system on or before the last day for filing." Fed. R. App. P. 4(c)(1); see also Houston v. Lack, 487 U.S. 266, 276 (1988). Vasquez's notice of appeal indicates that he submitted it to prison officials on February 25, 2021—one day before the deadline. In a declaration later submitted to this Court, Vasquez attested to the February 25, 2021 date of deposit and attached a cash slip directing prison authorities to deduct money from his account to pay for postage. See Resp., ECF No. 9; see also Fed. R. App. P. 4(c)(1)(A)(i) (requiring notice of appeal to include declaration in compliance with 28 U.S.C. § 1746 or notarized statement "setting out the date of deposit and stating that first-class postage is being prepaid"); Fed. R. App. 4(c)(1)(B) (permitting Courts of Appeals to "permit the later filing of a declaration . . . that satisfies Rule 4(c)(1)(A)(i)").

(per curiam). We may summarily affirm "on any basis supported by the record" if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

### III.

Prisoners asserting denial of the right of access to the courts must show "(1) that they suffered an 'actual injury'—that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other 'remedy that may be awarded as recompense' for the lost claim other than in the present denial of access suit." Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008) (per curiam) (quoting Christopher v. Harbury, 536 U.S. 403, 415 (2002)). As the District Court recognized, Vasquez did not adequately allege that he suffered an "actual injury" because he did not describe the claims he lost or "specify facts demonstrating [they] were nonfrivolous." See id. at 206. Moreover, though Vasquez pointed to prolonged litigation and associated financial burdens resulting from Del Collo's alleged actions, his amended complaint did not indicate that he actually "lost" any claims or was lacking another remedy since his appeal rights were reinstated in state court. The District Court was therefore correct to dismiss this claim.

Further, the District Court did not abuse its discretion in declining to exercise supplemental jurisdiction over Vasquez's state tort claims after his federal claim was dismissed. A court may decline to exercise supplemental jurisdiction "under 28 U.S.C. § 1367(c)(3) when it dismisses all claims over which it has original jurisdiction." Doe v.

4

Mercy Cath. Med. Ctr., 850 F.3d 545, 567 (3d Cir. 2017). We agree with the District Court that it lacked an independent basis for subject matter jurisdiction over the state law claims since the complaint indicated that Vasquez and at least some of the defendants were Pennsylvania citizens. See 28 U.S.C. § 1332(a); Johnson v. SmithKline Beecham Corp., 724 F.3d 337, 346 (3d Cir. 2013).

Finally, the District Court afforded Vasquez leave to amend his original complaint after identifying, inter alia, that it failed to adequately describe the claims he lost. Given that Vasquez failed to correct the original complaint's deficiencies in his amended complaint, the District Court did not err in dismissing the action without further leave to amend. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (explaining that leave to amend need not be granted if amendment would be futile).

IV.

For substantially the same reasons as the District Court and because this appeal does not present a substantial question, we will affirm the judgment of the District Court. See 3d Cir. LAR 27.4; I.O.P. 10.6.